■ HARRY GOLD, Appellant, v. SURFACE TRANSIT, INC., et al., Respondents.— In a negligence action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 11, 1964 after a jury trial, upon the court's direction of a verdict in favor of the defendants. Judgment affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial on the ground: (1) that, under all the circumstances, issues of fact were presented as to the defendants' negligence and as to the plaintiff's contributory negligence; and (2) that such issues should have been submitted to the jury for its determination.

■ HYDROMATICS, INC., Appellant, v. COUNTY NATIONAL BANK et al., Respondents.— In an action to recover upon a check, drawn to plaintiff's order by the defendant Kieley & Mueller, Inc., and at its request certified by the drawee bank, defendant County National Bank, the plaintiff appeals from the following two orders of the Supreme Court, Orange County, dated respectively April 30, 1964: (a) an order which denied plaintiff's motion for summary judgment against both defendants; and (b) an order which denied the plaintiff's motion to vacate the demand of the defendant Kieley & Mueller, Inc., for a bill of particulars, but which, as to plaintiff's alternative motion to modify such demand, granted such motion to the limited extent of modifying Items 4, 7 and 8 of the demand so as to require plaintiff to furnish certain correspondence and particulars. Order denying plaintiff's motion for summary judgment affirmed, without costs. No opinion. Order relating to plaintiff's motion to vacate or, in the alternative, to modify the demand of defendant Kieley & Mueller, Inc., for a bill of particulars, modified as follows: (1) by striking out from its second decretal paragraph the requirement that plaintiff furnish a bill of particulars in response to Item 7 contained in said demand; and (2) by substituting therefor a provision granting plaintiff's application to the further extent of vacating the said Item 7. As so modified, the order is affirmed, without costs. In our opinion Item 7, relating to facts in support of the defense of duress in delivery of the check in suit, pleaded by the defendant Kieley & Mueller, Inc., is not relevant to plaintiff's complaint which is limited to the claim that it holds a certified check upon which payment was stopped in breach of an agreement for the c.o.d. delivery of certain equipment. Particulars are not usually required from a party as to matters which it need not prove upon trial (cf. *Matter of Kadar,* 3 Misc 2d 471, 473). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.