■ In the Matter of MICHAEL J. PICHEL, Appellant, v. ROBERT J. WELLS, as Zoning Enforcement Officer of the Town of Dryden, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered July 28, 1970 in Tompkins County, which dismissed appellant's petition on the merits. The Town of Dryden adopted a zoning ordinance which became effective on July 29, 1969. Appellant had purchased 17 acres of land in the town on December 26, 1968. He did certain preparatory work prior to the adoption of the ordinance, but no excavating for a building until April, 1970. He has never applied for

a building permit and maintains he is not required to do so. In June of 1970 he received in the mail a summons charging him with "conducting building operations without a building permit". By this article 78 proceeding he seeks to have the zoning enforcement officer enjoined from "instituting, maintaining or continuing in any manner any proceeding" arising out of his alleged violation of the ordinance. Special Term dismissed the petition. We agree. In order that a party have standing to challenge the validity or constitutionality of a zoning ordinance, he must first apply for a building permit. Until an application for such a permit is passed upon, an article 78 proceeding is premature. (See *Old Farm Road* v. *Town of New Castle,* 26 N Y 2d 462.) The instant proceeding is also improper since it seeks to enjoin a criminal proceeding. An article 78 proceeding cannot be used to obtain this relief. (See 23 Carmody-Wait 2d, New York Practice, § 145.23; *Matter of Bloeth* v. *Marks,* 20 A D 2d 372, mot. for lv. to app. den. 15 N Y 2d 481; *Matter of Grasso* v. *Wemple,* 33 A D 2d 715.) Such a holding does not deprive the appellant of the opportunity to test the validity of the ordinance. If the criminal proceeding is continued or the matter pursued he may plead the invalidity of the ordinance as a defense. In view of this determination it is not necessary to pass upon the merits. Judgment affirmed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur.