■    In the Matter of the Claim of ESTELLE ZANER et al., Respondents, v MY TOY CO., INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed August 2, 1974, March 18, 1976, as amended March 10, 1977 and September 15, 1976. The board found: "on the basis of the probative medical evidence and credible testimony that the emotional stress and strain or tension involved herein was a causative factor in claimant's myocardial infarction and death. The effort described by witnesses involved greater emotional strain and tension than that to which all workers are occasionally subjected and that the decedent sustained an accidental injury arising out of and in the course of employment. The death is causally related to such accidental injury." There is substantial evidence to sustain the determination of the board. Decisions affirmed, with costs to respondents filing briefs against appellants. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.

■    VILLAGE OF NEW PALTZ, Respondent-Appellant, v PENCIL HILL PROPERTIES CORP., Appellant-Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered December 23, 1976 in Ulster County, which denied motions by both parties for summary judgment. The present controversy arose out of a situation wherein defendant had allegedly constructed and was operating on its property apartments in excess of the number permitted by the local zoning ordinance, its building permit, and its certificate of occupancy. After an order to remedy the alleged zoning violations was given to defendant in March of 1975 and no corrective action was subsequently taken, the Village of New Paltz commenced this action in which it seeks to restrain the use of the unauthorized apartments and the sale of any portion of defendant's remaining vacant land, since such a sale would allegedly serve to further magnify defendant's violation of the zoning ordinance's density standard. In accordance with provisions of the zoning ordinance, the village also seeks to have fines levied against defendant for its alleged violations, and in response defendant maintains that the 1968 zoning ordinance in question is invalid, that the building inspector agreed to the conversion of certain designated space into the extra apartments, and that there were no structural alterations of the buildings in violation of the building permit. Both parties moved at Special Term for summary judgment and their motions were denied. These cross appeals ensued. We hold that Special Term's order must be affirmed. Resolution of this dispute will necessarily involve a determination as to the validity of the 1968 zoning ordinance of the Village of New Paltz or, in the alternative, a determination as to whether or not defendant has violated the State Building Construction Code (see Executive Law, art 18) so as to make the village entitled to a judgment in its favor herein. An examination of the record and briefs submitted readily establishes that both of these questions present unresolved material triable issues of fact, and, accordingly, summary judgment was properly denied (Phillips v Kantor & Co., 31 NY2d 307). In so holding, we would additionally emphasize that defendant has standing to challenge the validity of the zoning ordinance. Where, as here, a party is charged with a violation of an ordinance, said party may properly assert the invalidity of the ordinance as a defense (cf. Matter of Pichel v Wells, 38 AD2d 632). Order affirmed, with costs to abide the event. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.