■ In the Matter of REDEMPTION CHURCH OF CHRIST OF THE APOSTOLIC FAITH, INC., Appellant, v ARNOLD S. HARRIS et al., Constituting the Planning Commission of the City of Troy, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Miner, J.), entered March 14, 1980 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from taking any action to enforce the Troy Building Code and Zoning Ordinance against petitioner. On April 28, 1978, petitioner purchased the premises in question from the Little Sisters of the Poor, who had operated a home for the aged there. Respondents allege that the building is now occupied by some 80 people, including missionaries, infants and transients and that religious and educational activities are regularly conducted on the premises. The premises were inspected by the City of Troy and four violations of the city's code of ordinances were found. Petitioner was cited for failure to have a certificate of occupancy, failure to have filed for a use variance, failure to file its site plan for review and failure to apply for a permit to establish a residence under the State's Multiple Dwelling Code. Petitioner pleaded guilty and was fined $200. Thereafter, petitioner submitted a site plan which was conditionally approved and was granted a special use permit with several conditions. Basically, petitioner contends that its conversion of the building's use from a home for the aged to a religious center involves no structural alterations and requires only minor repairs and redecoration and, consequently, it is not required to have a building permit or certificate of occupancy, nor is it necessary to file a site plan. In anticipation of further prosecution in Police Court, petitioner commenced this CPLR article 78 proceeding to prohibit respondents from further enforcement of the ordinance. Special Term denied the relief requested and this appeal ensued. At the outset, we note that we are here concerned with the remedy of prohibition which is an extraordinary one issued in the discretion of the court and then only sparingly *(Matter of Dondi v Jones,* 40 NY2d 8, 13). Furthermore, such a remedy is available only where there is a "clear legal right" and when the body or officer acts or threatens to act without jurisdiction over the subject matter or in excess of its authorized powers in a proceeding over which it has jurisdiction *(Matter of McGinley v Hynes,* 51 NY2d 116). Here, petitioner does not urge lack of jurisdiction but rather that respondents are acting and threatening to act in excess of their authority in petitioner's case. Concerning the need for a building permit, section 10-19 of the Code of Ordinances of the City of Troy required, at the time this proceeding was commenced, that a building permit be obtained prior to the alteration or change in the nature of occupancy of a building or structure. Petitioner has not sufficiently demonstrated that no structural alterations have been or will be made. Furthermore, we are of the view that a change in the nature of occupancy occurred upon petitioner's purchase of the premises. Consequently, petitioner has failed to prove its exemption from the requirement of obtaining a building permit. In view of this conclusion, petitioner's contention that no site plan need be submitted because

no building permit is required must also fail. At the time this proceeding was commenced, section 7.302 of the Zoning Ordinance of the City of Troy necessitated a certificate of occupancy when a building has been altered. Having failed to show that no alterations have been or will be made, petitioner cannot claim exemption from this section. Accordingly, we conclude that petitioner did not satisfy its burden to establish a clear legal right to the remedy of prohibition and, therefore, the petition was properly dismissed. We would also note that, although not argued by respondents, petitioner could plead the inapplicability of the ordinances as a defense in any enforcement action or proceeding and, consequently, the remedy of prohibition is inappropriate (see *Matter of Pichel v Wells,* 38 AD2d 632). We have considered petitioner's remaining arguments and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.