■ SCHENECTADY AIR SYSTEMS, INC., Appellant, v CAMPITO PLUMBING & HEATING, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Quinn, J.), entered July 2, 1980 in Schenectady County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss plaintiff's cause of action for punitive damages. Plaintiff's underlying action for breach of contract seeks recovery of compensatory and punitive damages. Defendant, a subcontractor on a project to construct a community health plan facility, accepted a telephone bid of plaintiff, a non-union sheet metal contractor, for installation of a duct system required for the project. Upon defendant's issuance of a purchase order, plaintiff submitted

various shop drawings to defendant, who, in turn, forwarded the proposals to the general contractor, Sano-Rubin Construction Co. Neither the general contractor nor the owner found plaintiff to be in compliance with the contract requirements, and, at their direction, defendant terminated plaintiff's contract. Following an examination before trial of defendant's president and project manager, plaintiff moved for summary judgment arguing that the contract termination was wrongful and premised on the bad faith efforts of defendant. Defendant sharply controverts plaintiff's contentions, emphasizing that it acted pursuant to the direction of Sano-Rubin, whose approval was a condition precedent to a final acceptance of plaintiff's bid. Defendant has commenced a third-party action against Sano-Rubin for indemnification of any damages plaintiff may recover in this action. Special Term, holding that triable issues of fact were readily apparent, correctly denied summary judgment (see *Zuckerman v City of New York,* 49 NY2d 557). " '[I]ssue-finding, rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Abad,* 271 App Div 725, 727). Essentially, the burden is on the plaintiff to establish his cause of action "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212, subd [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Walski v Forma,* 54 AD2d 776). Examination of the record and briefs readily establishes the existence of unresolved issues of fact. For example, whether the approval of Sano-Rubin was a condition precedent to a binding contract, whether defendant was obligated to terminate plaintiff's contract at Sano-Rubin's direction, and whether plaintiff was in compliance with the contract requirements and documents are all questions of fact necessitating a trial. Similarly, whether a binding contract resulted from the bid and purchase order is questionable since the latter document refers to a condition for "engineer approval" and state's "A.I.A. Contract to Follow." These questions present triable factual issues precluding summary judgment *(Village of New Paltz v Pencil Hill Props. Corp.,* 60 AD2d 738). Finally, Special Term's dismissal of the claim for punitive damages was correct since punitive damages are not available in New York for mere breach of contract *(Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358; *Wegman v Dairylea Coop.,* 50 AD2d 108, app dsmd 38 NY2d 918; see, 14 NY Jur, Damages, § 183, pp 45-46). The present record fails to demonstrate defendant's bad faith and, indeed, shows that defendant vehemently asserted plaintiff's qualifications to the general contractor and owner. Order affirmed, with costs. Mahoney, P.J., Kane, Yesawich, Jr., Weiss and Herlihy, JJ., concur.