■ VERMONT MORGAN CORPORATION, Appellant, v RINGER ENTERPRISES, INC., Respondent. — Appeal from that part of an order of the County Court of Washington County (Leary, J.), entered April 27, 1982, which denied plaintiff's motion for summary judgment on the causes of action set forth in the complaint and which denied plaintiff's motion for an order vacating defendant's demand for a bill of particulars. Plaintiff, a gasoline wholesaler, brought this action against defendant, a retail dealer, to recover $4,746.05 alleged to be the balance due for gasoline delivered on March 26 and April 25, 1981. The complaint alleges an account stated and conversion. The defense alleges that the purchases were made under a five-year-old open-price-term contract, as defined in section 2-305 of the Uniform Commercial Code, requiring the price to be reasonable, and that the price charged was unconscionable and in excess of that charged other dealers. Special Term partially granted plaintiff's CPLR 3212 motion for summary judgment, holding defendant liable, and ordered a trial on the issue of damages. Plaintiff has appealed. Initially, we reject the contention that plaintiff is entitled to judgment upon defendant's failure to comply with CPLR 3016 (subd [f]) by specifically indicating which items in the complaint it disputes. We hold the affirmative defense clearly disputing the price to be substantial compliance with the statute. From the record, it appears that the parties operated under a consignment arrangement whereby deliveries of gasoline were received by defendant as inventory. Thereafter, measurements were made, from which the quantity sold was ascertained and recorded upon a form called a gallonage and payment report. The reports signed by defendant reflected both gasoline sold and inventory remaining. Plaintiff determined the prices under what it characterized to be "Dealer Tank Wagon, Tankwagon, or DTW" prices generally uniform throughout New York State. Defendant paid these prices for over five years. Since prices were never determined beforehand, the reports do not disprove an open-price term between the parties. Nor is there proof of any agreement as to the prices for the inventory remaining in defendant's tanks. Determination of this disputed price is a triable factual issue. Section 2-305 of the Uniform Commercial Code would not apply if the actual short-term contracts did not reflect a possible open-price term. We cannot agree that the five-year course of dealing common in the industry proved an agreement that the price was established. Defendant denied that the tank wagon price was the basis for the price he was to be charged, and stated that he unsuccessfully sought to ascertain the method for price determination. The cases cited by plaintiff to establish the course-of-

dealing basis are distinguishable because the party to be charged in each either knew or was able to discover from prior dealings what the disputed term was, or such information was adduced upon trial. Moreover, we find a triable issue created by defendant's assertions that plaintiff's prices to defendant were unreasonable, particularly since prices charged to other dealers and how those prices were determined were within plaintiff's exclusive knowledge and remained undisclosed (see *Utica Sheet Metal Corp. v Schecter Corp.,* 25 AD2d 928). Nor do we find persuasive plaintiff's argument that retention of the inventory constitutes acceptance at plaintiff's price. Defendant disputes that it agreed to the invoice price, which pertained only to gasoline already sold by defendant and not to remaining inventory. To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented (*Sillman v Twentieth-Century-Fox Film Corp.,* 3 NY2d 395, 404). It cannot be said that plaintiff has sufficiently established its right to damages to warrant the court, as a matter of law, to direct payment in its favor (*Schenectady Air Systems v Campito Plumbing & Heating,* 84 AD2d 863, 864). Finally, we hold that denial of that part of plaintiff's motion seeking to vacate the demand for a bill of particulars was error. The demand does not seek items related to plaintiff's cause of action, rather it seeks information defendant needs to prove its affirmative defense of an open-price contract. Plaintiff is not required to furnish matters related solely to a defense (see *Hydromatics, Inc. v County Nat. Bank,* 23 AD2d 576). Order modified, on the law and the facts, by reversing that part thereof which denied plaintiff's motion to vacate defendant's demand for a bill of particulars, and said motion granted, and, as so modified, affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.