OPINION OF THE COURT
John J. Fromer, J.
Plaintiff moves for an order striking defendant’s demand for a bill of particulars. This is an action for money only allegedly due in connection with a certain Master Card account. Plaintiff has styled the action as one on an account stated, based on the monthly statements supplied by it to defendant. The answer consists of a general denial of each of the plaintiff’s allegations concerning the existence of an account stated and the balance due thereon.
The challenged items of defendant’s demand for particulars seek names and addresses of persons who allegedly signed for the orders which make up the account, names and addresses of the suppliers of the goods or services allegedly ordered, as well as copies of each credit card receipt alleged to be a part of the account. Plaintiff objects that these items have no relevance to its cause of action upon an account stated, and that it should not be required to particularize these items.
A party need particularize only those matters as to which he bears the burden of proof. (Hydromatics, Inc. v County Natl. Bank, 23 AD2d 576; Siegel, NY Prac § 238, at 292.) The com *1004 mon-law action upon an account stated consists only of the elements that the parties stand in a debtor-creditor relationship, that there has been mutual examination of the claims of the respective parties, that a balance has been struck, and that there has been an agreement either express or implied that the balance is correct and that the party against whom it is found will pay it. (1 NY Jur 2d, Accounts and Accounting, §§ 10-28.) A party relying upon an account stated must prove that the account was presented, that by mutual agreement it was accepted as correct, and that the debtor promised to pay the amount stated. (Milstein v Montefiore Club, 47 AD2d 805.) The plaintiff generally need not prove the details of the original debt, but may merely show defendant received the account and kept it for a reasonable time without objection. It is said that the burden is then on the party receiving the account to show fraud, mistake, or that it was never accepted by him as an account stated. (1 NY Jur 2d, Accounts and Accounting, § 28, at 179.) These common-law principles appear to underlie plaintiff’s objections.
Upon examination of plaintiff’s claim, however, it is evident that regardless of the technical label placed upon it, it is in fact an “action by a card issuer to enforce liability for the use of a credit card” as defined in 15 USC § 1643 (b), the Federal Truth in Lending Act. (15 USC § 1601 et seq.) Under that section by Federal law the burden of proof is upon the card issuer to show “that the use was authorized or, if the use was unauthorized, then * * * to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met.” (15 USC § 1643 [b].)
It is among the declared Congressional purposes of the Federal statute to protect consumers against inaccurate and unfair credit billing and credit card practices. (15 USC § 1601 [a].) This concern is echoed in the public policy of this State in its enactment of General Business Law article 29-A, which provides among other cardholder protections that any agreement purporting to provide that a statement sent by the credit card issuer to the cardholder shall be deemed correct unless objected to within a specified period of time is void and of no force or effect. (General Business Law § 517.) The intent is clearly to thrust the burden upon the card issuer to demonstrate the full basis of its cardholder’s liability, and not to allow it to hide behind pleadings couched in generalities and framed in terms of technical common-law forms of action.
Clearly in order to prove that defendant’s liability arises out of authorized use of its credit card, plaintiff will have to intro *1005 duce at trial evidence of the underlying transactions, including names and addresses of vendors and' signatories, as well as receipts signed by defendant or her agent. Being thus related to plaintiff’s burden of proof, the items demanded must be provided in response to defendant’s demand for a bill of particulars, which plaintiff is hereby directed to supply.
Motion to strike demand for bill of particulars denied.