*299 OPINION OF THE COURT
Memorandum.
Final judgments unanimously reversed with $30 costs to each appellant and petitions dismissed.
We find that tenants, who, prior to their evictions, operated gas stations (selling Coastal gasoline) and convenience stores located upon the premises, established their defense that landlords and their affiliated distributor materially breached the agreements between the parties by unreasonably raising the prices that they charged tenants for gas to the point of forcing tenants to operate at a loss. The information as to how the prices charged to tenants were determined was exclusively within landlords’ knowledge (see, Vermont Morgan Corp. v Ringer Enters., 92 AD2d 1020). Because this was so, only slight evidence was required to shift to landlords the burden of explaining their pricing (see, Noseworthy v City of New York, 298 NY 76, 81). Tenants’ undisputed proof showed that the prices charged by landlords went from being 7 to 9 cents below the retail selling prices of tenants’ competitors to several cents above those prices and that other Coastal stations were charging as much as 10 cents a gallon less than tenants were. Taken together with landlords’ acknowledgment that a retailer should average a profit of 10 to 12 cents a gallon and with landlords’ testimony that their prices were always competitive, tenants’ showing was sufficient to require landlords to come forward with proof that their prices were not raised in bad faith. In view of landlords’ failure to come forward with such proof, we hold that tenants established that landlords so materially and substantially breached the agreements between the parties, and in particular the implied covenant of fair dealing and good faith and the obligation, where the price term of an agreement is left open, to set prices in good faith (UCC 2-305), as to excuse performance by tenants (see, Black v MTV Networks, 172 AD2d 8; 22A NY Jur 2d, Contracts, § 408; 7 New York Contracts Law § 1706 [Edward Thompson Co]). Inasmuch as in each case landlords deliberately structured the arrangements so as to constitute one large agreement, in particular by deeming the cost of gas additional rent, landlords’ breaches relieved tenants of their obligation to pay rent.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.