■ In the Matter of 426 REALTY CORP., Appellant, v 2174 INC., Respondent. (Matter No. 1.) In the Matter of METRO RESOURCES, INC., Appellant, v 2089 INC., Respondent. (Matter No. 2.) [709 NYS2d 625] —In two related summary proceedings, *inter alia*, to recover possession of real property for nonpayment of rent, the petitioners appeal, by permission, from an order of the Appellate Term of the Supreme Court, Ninth and Tenth Judicial Districts, dated March 26, 1999, which reversed two judgments of the Second District Court, Suffolk County (Barton, J.) (one in each proceeding), awarding possession and rent arrears to the petitioners, both entered April 28, 1997, and dismissed the petitions.

Ordered that the order is reversed, on the law, with costs, and the judgments are reinstated.

The appellants leased the subject properties to the respondents for use as gasoline stations, and subsequently brought two related proceedings to recover possession of the properties for nonpayment of rent. The Second District Court of Suffolk County (Barton, J.), after a joint nonjury trial, awarded a judgment of possession to each appellant. The Appellate Term, Ninth and Tenth Judicial Districts, reversed the judgments on the ground that the respondents established that the appellants had materially breached the leases by unreasonably raising the prices they charged for gasoline which the respondents were obligated under the leases to purchase from them. The Appellate Term found that the information concerning the prices the appellants charged was exclusively within their knowledge, and therefore, pursuant to *Noseworthy v City of New York* (298 NY 76, 81), the respondents needed to adduce only slight evidence to shift the burden of explaining the prices to the appellants.

Contrary to the determination of Appellate Term, the doctrine set forth in *Noseworthy v City of New York* (*supra*) has no application in the case at bar. Even if that rule was applicable it does not shift the burden of proof or eliminate the need for the respondents to have introduced evidence establishing their defense (*see, e.g., Vermont Morgan Corp. v Ringer Enters.*, 92 AD2d 1020).

The District Court properly found that the appellants established the prices they charged the respondents for gasoline in good faith and that the respondents were not paying more than what other suppliers charged their customers.

The respondents' remaining contentions are without merit. O'Brien, J. P., Joy, Luciano and Smith, JJ., concur.