■ JACK MILLER, Appellant, v. VOLK & HUXLEY, INC., et al., Respondents. — Order, Supreme Court, New York County, entered May 21, 1971, which, *inter alia* dismissed the first two causes of action insofar as appealed from, unanimously modified on the law to the extent of reinstating the first cause of action and otherwise affirmed, without costs and without disbursements. This is without prejudice to the defendants' asserting the defense of the Statute of Frauds in the answer. The printing firm of Kurt H. Volk, Inc., (Volk) was negotiating with the firm of Huxley House Limited with a view towards merger. When the merger was effectuated, the firm took the name of Volk & Huxley, Inc. (V&H). Plaintiff, Jack Miller, was a key employee of Volk and was requested to stay on as an employee of V&H, the successor firm. He was asked to aid in inducing two other employees to remain with the successor corporation and was promised special additional compensation for his efforts. His salary, should he stay on with V&H, was also to be increased. Plaintiff was successful in persuading the two other employees to remain and he continued with the successor firm for one and one-half years after the merger. After leaving his employment, he initiated this suit alleging in the first cause of action that he was not paid for his assistance in the negotiations effectuating the merger, nor for his efforts resulting in the key employees' remaining with the firm. The second cause of action alleges the same negotiations as a basis for recovery but adds that the defendants' representations to plaintiff to induce him to act on their behalf were false and fraudulent. The additional causes of action not the subject of this appeal allege a breach of contract for failure to pay the increased annual salary as promised. The defendants moved to dismiss the first two causes of action on the grounds that they are barred by the Statute of Frauds. Subdivision 10 of section 5–701 of the General Obligations Law provides, *inter alia,* that an agreement to compensate for the negotiation of sale or exchange of business is void unless there is a note or memorandum in writing subscribed by the party to be charged. The first cause of action is framed in such a fashion that it need not necessarily come within the strictures of subdivision 10 of section 5–701 of the General Obligations Law and therefore should not have been dismissed. However, to preserve defendants' rights, the defense of the Statute of Frauds may be pleaded in the answer. The second cause of action alleges fraudulent breach of contract involving these same negotiations. It is recognized that a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract (see 24 N. Y. Jur., Fraud and Deceit, § 51 and cases cited thereat). The only cause of action would therefore be one for breach of contract, already alleged in this complaint in the first cause of action. This second cause of action, being redundant, was therefore properly dismissed. Concur — McGivern, P. J., Markewich, Nunez, Tilzer and Lane, JJ.