■ WEST MOUNTAIN CORPORATION, Plaintiff, v SEASONS OF LEISURE INTERNATIONAL, INC., Defendant, and BATHER, RINGROSE, WOLSFELD, INC., Defendant and Third-Party Plaintiff-Appellant. COMO SPECIALTIES, INC., Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered May 12, 1980 in Warren County, which granted a motion by Como Specialties, Inc., for summary judgment dismissing the third-party complaint. On April 21, 1977, plaintiff West Mountain Corporation (West Mountain) entered into a written contract with defendant Seasons of Leisure International, Inc. (SOLI), a Minnesota corporation, for the construction and installation of a 3,000-foot-long amusement slide system known as the "Red Rumbler". The slide was to be located on West Mountain's property in Glens Falls, New York. SOLI proceeded to hire defendant and third-party plaintiff Bather, Ringrose, Wolsfeld, Inc. (BRW), an architectural and engineering firm also based in Minnesota, to develop a route for the slide on West Mountain and to provide the necessary engineering and technical assistance. SOLI ordered from third-party defendant Como Specialties, Inc. (COMO), another Minnesota corporation, the metal track, sleds and other parts needed for the construction and installation of the slide. West Mountain, because of alleged delays in delivery and installation of the slide system and alleged faulty construction of parts, instituted a lawsuit against SOLI and BRW in November, 1977, claiming damages for breach of contract, negligence and false representation. SOLI failed to appear and a default judgment was entered against it. In March, 1980, BRW commenced its third-party action against COMO for indemnification and/or apportionment, alleging that parts supplied by COMO were faulty and delivered late. COMO's motion to dismiss the third-party complaint was granted at Special Term on the ground that the trial court lacked in personam jurisdiction over COMO. This appeal by BRW ensued. The order of Special Term should be reversed and the third-party complaint reinstated. The Supreme Court has personal jurisdiction over the third-party defendant foreign corporation, COMO, pursuant to CPLR 302 (subd [a], par 1). The statute, as amended effective September 1, 1979 (L 1979, ch 252, § 1), stipulates that a court of this State may exercise personal jurisdiction over any nondomiciliary who, in person or through an agent: "transacts any business within the state or *contracts anywhere to supply goods or services in the state*" (emphasis added). The effect of the 1979 amendment to section 302 (subd [a], par 1) has been to abrogate the "mere shipment" rule established by case law so that New York courts now have jurisdiction where a nondomiciliary enters into a contract outside the State to send goods to New York, so long as the cause of action, as here, arose out of that contract

(McLaughlin, 1979 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR, C302:13; see *Pyramid Co. of Ithaca v Original Great Amer. Chocolate Chip Cookie Co.*, 102 Misc 2d 1056, 1058). The amendment is remedial and applies retroactively to the contract in question which was entered into in May of 1977 (see *Gonzales v Harris Calorific Co.*, 64 Misc 2d 287, affd 35 AD2d 720). It should also be noted that Special Term further erred in failing to grant discovery (pursuant to CPLR 3211, subd [d]) to BRW, to obtain facts needed to oppose COMO's motion to dismiss (made pursuant to CPLR 3211, subd [a]). This discovery, it is contended, might have enabled BRW to defeat COMO's CPLR 3211 motion. CPLR 3211 (subd [d]) provides: "Should it appear from affidavits submitted in opposition to a motion made under subdivision (a) or (b) that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion, allowing the moving party to assert the objection in his responsive pleading, if any, or may order a continuance to permit further affidavits to be obtained or disclosure to be had and may make such other order as may be just." To have such a motion granted: "The opposing party need only demonstrate that facts 'may exist' whereby to defeat the motion. It need not be demonstrated that they *do* exist. This obviously must await discovery" *(Peterson v Spartan Inds.*, 33 NY2d 463, 466). When COMO moved to dismiss the third-party complaint on the ground of lack of personal jurisdiction (CPLR 3211, subd [a], par 8), BRW contended in its answering affidavit that it could not adequately rebut this motion without discovery of COMO's sales records to ascertain what business COMO did conduct in this State or how much revenue it derived from it. Special Term should have given BRW the benefit of the doubt in this instance by either denying COMO's motion to dismiss or by ordering a continuance to permit disclosure to be had concerning the amount of business which COMO transacts in this State and/or the extent of its involvement in interstate commerce (see Siegel, 1974 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR, C3211:49; *Amigo Foods Corp. v Marine Midland Bank-N.Y.*, 39 NY2d 391, 395). Order reversed, on the law, with costs, and motion to dismiss third-party complaint denied. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.