■ FRED VANDERBURGH et al., Appellants-Respondents, v PORTER SHEET METAL, INC., et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court at Special Term (Bryant, J.), entered September 2, 1980 in Tompkins County, which granted plaintiffs summary judgment upon their first cause of action, awarded damages of $1 to each, and granted defendants summary judgment dismissing plaintiffs' second cause of action for compensatory and punitive damages. Plaintiffs are former employees of Porter Sheet Metal, Inc. (Porter) of which defendant Hildreth is president. One of the employee benefits at Porter was an insurance policy for which Porter paid 71% of premium costs and deducted the balance thereof from employee wages. In 1977, Porter canceled the coverage without notice to employees, but continued the payroll deductions. Upon discovery of this fact in 1978, plaintiffs quit their employment and successfully obtained reimbursement for the deductions taken from their wages through the New York State Labor Department. This action was commenced to recover damages for breach of contract, and compensatory and punitive damages for fraud. Defendants moved for summary judgment dismissing the complaint and plaintiff's cross-moved for the affirmative judgment demanded in the complaint. Special Term found that defendants had breached the contract, but awarded nominal damages of $1 because plaintiffs had been made entirely whole by reimbursement of out-of-pocket losses. The court further held that the other damages sought were nonrecoverable. In dismissing plaintiffs' cause of action seeking both compensatory and punitive damages, Special Term found that no fraudulent intent existed, rather only pure breach of contract. These cross appeals ensued. The order of Special Term should be affirmed. The record demonstrates that plaintiffs were fully reimbursed for the contributions deducted from their wages for insurance premiums. One medical claim presented was paid by defendants. Damages for emotional disturbance and loss of "financial security and peace of mind" are generally not compensable in a breach of contract action, particularly in the absence of physical injury (*Martin v Donald Park Acres at Hasting,* 54 AD2d 975). Nor is the present breach of such a nature that serious emotional disturbance is a particularly likely result (see Restatement, Contracts 2d, § 353). Plaintiffs' further claim for loss of employment with attendant expenses may not be deemed within the contemplation of the parties when the agreement was made (see *Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177). Since plaintiffs' employment was at will, termination of their employment may not be characterized as a probable result of the breach. In the absence of a triable factual issue on the question of damages, Special Term properly awarded nominal damages on the cause of action for breach of contract (CPLR 3212, subd [c]). The essence of plaintiffs' second cause of action for fraud is that defendants failed to maintain insurance as indicated in the policy manual, but continued to deduct employee contributions from wages. While New York recognizes a cause of action for fraud or deceit in inducing a contract, failure to perform promises of future acts is a breach of

contract, not fraud (*Wegman v Dairylea Coop.,* 50 AD2d 108, app dsmd 38 NY2d 710). Since plaintiffs' allegations of fraudulent misrepresentation related to performance of the employment agreement, their theory of recovery is restricted to an action for breach of contract (*id.,* at p 113). Special Term properly dismissed this cause of action (see *Charles v Onondaga Community Coll.,* 69 AD2d 144, 149). Moreover, punitive damages are not available in New York for breach of contract (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358; *Schenectady Air Systems v Campito Plumbing & Heating,* 84 AD2d 863). Plaintiffs' reliance on section 198-c of the Labor Law to characterize the instant breach as criminal is inapposite. That statute was enacted to secure benefits to which employees are entitled under a collective bargaining agreement (*People v Trapp,* 20 NY2d 613). Nor has actual malice been shown on the part of defendants to sustain an award for punitive damages (see *Bryce v Wilde,* 39 AD2d 291, affd 31 NY2d 882). Since the action is "grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable" (*Halpin v Prudential Ins. Co. of Amer.,* 48 NY2d 906, 907, affg 65 AD2d 545). Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.