**Harriet FEIGENBAUM, Plaintiff,**

v.

**MARBLE OF AMERICA, INC., Robert Cradock and William Prater, Defendants.**

**No. 89 Civ. 0271 (PKL).**

United States District Court, S.D. New York.

April 3, 1990.

Steckler, Hoffman & Steckler, New York City (Barbara Hoffman, of counsel), for plaintiff.

Brackman, Hille and Freed, P.C., St. Louis, Mo. (Robert J. Hille, of counsel), for defendants.

LEISURE, District Judge:

Plaintiff has moved pursuant to Fed.R. Civ.P. 59 and Local Rule 3(j) for reargument with regard to the Court's Order and Opinion of October 27, 1989 granting defendants' motion to dismiss the complaint due to lack of personal jurisdiction. 723 F.Supp. 1011. Plaintiff argues that the Court failed to consider the affidavit of plaintiff Harriet Feigenbaum ("Feigenbaum"), sworn to on May 2, 1989 ("Feigenbaum affidavit") in ruling that the Court lacked jurisdiction over defendants under the New York long-arm statute, Civil Practice Law and Rules § 302(a)(1) ("CPLR"). Defendants argue in response that plaintiff's motion for reargument merely demands that the Court reconsider issues already fully briefed by the parties and decided by the Court. Defendants also object to the submission of the Feigenbaum affidavit as an exhibit to plaintiff's motion for reargument.

## DISCUSSION

### A. Reargument of Motion to Dismiss on Jurisdictional Grounds

In general, motions for reargument will be granted only if the Court overlooked "matters or controlling decisions" which, if considered by the Court, would have mandated a different result. *See Litton Industries Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 1989 WL 162315, 1989 U.S.Dist. LEXIS 9145, at 9–10 (S.D.N.Y. 1989); *Moll v. U.S. Life*, 700 F.Supp. 1284, 1286 (S.D.N.Y.1988) (Leisure, J.); *Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987). The interest of courts in the finality of their

decisions is important, yet it is clear that "the 'law of the case' does not rigidly bind a court to its former decisions, but is addressed only to its good sense." *Higgins v. California Prune & Apricot Grower, Inc.*, 3 F.2d 896, 898 (2d Cir.1924) (Hand, J.). If a court believes a prior ruling to be incorrect, the only just and sensible course is to change the prior ruling and proceed with the litigation.

On April 11, 1989, defendants filed a motion to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, to transfer the case pursuant to 28 U.S.C. 1404(a) to the District Court for the Northern District of Alabama. On May 2, plaintiff filed the Feigenbaum affidavit, in addition to other submissions, in opposition to defendants' motions. On June 9, 1989, the Court denied defendants' motion to transfer and withheld decision on the motion to dismiss for lack of personal jurisdiction. On July 5, 1989, defendants filed a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6) and 9(b). On October 27, 1989, the Court ruled that no personal jurisdiction over defendants existed, and that the complaint should be dismissed.

■ The Court did indeed fail to consider the Feigenbaum affidavit in issuing its October 27, 1989 decision to dismiss the complaint for lack of personal jurisdiction. Such a judicial oversight is proper grounds for reconsideration of the motion to dismiss. Defendants' protestations that plaintiff should not have included a copy of the Feigenbaum affidavit as an exhibit to the motion for reargument is meritless, as the affidavit was clearly before the Court with regard to plaintiff's initial submissions opposing defendants' motion to dismiss for lack of jurisdiction.

■ The New York long-arm statute provides that a New York court has jurisdiction over a nondomiciliary who "contracts anywhere to supply goods or service in the state." CPLR § 302(a)(1). This language was added to the statute in 1979 to extend "long-arm jurisdiction to non-domiciliaries

who make contracts outside New York calling for performance in this state and who then totally fail to perform." Supplementary Practice Commentaries, C302:13 (McKinney's Supp.Pamph.1990). In this vein, the amendment abrogated the "mere shipment" rule, which had previously precluded the jurisdiction of New York courts over a nondomiciliary who merely shipped goods into New York without physically entering the state. *West Mountain Corp. v. Seasons of International, Inc.*, 82 A.D.2d 931, 931, 440 N.Y.S.2d 729, 730 (3d Dep't 1981). The only judicial requirement added to the language of the statute is that the cause of action must " 'bear a substantial relationship to the transaction out of which the instant cause of action arose.' " *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir.1983) (*quoting McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321 (1981)). It is this nexus which differentiates jurisdiction under CPLR § 302(a)(1) from traditional long-arm jurisdiction under CPLR § 301, which requires that a plaintiff establish that a nondomiciliary defendant "does business" in the state. *Id.* (*citing McGowan, supra*, 52 N.Y.2d at 272, 437 N.Y.S.2d at 645, 419 N.E.2d 321).

■ Reading the pleadings and affidavits in a light most favorable to plaintiff, *see Hoffritz for Cutlery, Inc. v. Amajac, Inc.*, 763 F.2d 55, 57 (2d Cir.1985), it is clear that the Court has jurisdiction over defendants pursuant to CPLR § 302(a)(1). According to the Feigenbaum affidavit, defendants entered a bid to supply plaintiff with marble for plaintiff's planned sculpture in New York. Feigenbaum aff., ¶¶ 7–10. Feigenbaum's alleged acceptance of defendants' offer establishes a *prima facie* case for purposes of this motion that a contract was entered into between the parties. Feigenbaum aff., ¶ 11. The affidavit further asserts that defendants agreed to do field measurements for the project on site in New York. Feigenbaum aff., ¶¶ 7, 11, 15–16, 18; *see* affidavit of Herbert Lackner, sworn to on April 24, 1989, ¶¶ 4–5.[1] Defendants also agreed to transport the

---

1. Herbert Lackner is Deputy Director of the Bureau of Building Design, Department of General Services, the City of New York. Lackner states that "[i]t is standard custom and usage in

cut marble to the job site in New York City, employing a trucking company owned by defendant Cradock. Feigenbaum aff., ¶ 9; *see also* Price Confirmation—Proposal, dated August 12, 1988, Exhibit 1 annexed to Feigenbaum aff.[2] For these reasons, the Court vacates its Order and Opinion of October 27, 1989, and hereby denies defendants' motion to dismiss the complaint for lack of personal jurisdiction.

### B. Motion to Dismiss Count Two of the Complaint

Defendants have moved to dismiss count two of the complaint which alleges common law fraud in the making of the contract.[3] Defendants argue that the allegations contained in the complaint state a claim solely for breach of contract, and that the fraud claim is "conclusory" and should be dismissed pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). Plaintiff argues in response that the complaint alleges that defendants made promises to plaintiff with no intention of fulfilling them, thereby inducing plaintiff to enter the contract and committing common law fraud.

The well-known standard in applying Rule 12(b) dictates that a district court should deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote and citations omitted). "The allegations in the complaint, moreover, must be liberally construed." *Rauch v. R.C.A. Corporation*, 861 F.2d 29, 30 (2d Cir.1988) (*citing Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir. 1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985)). The purpose

of a motion to dismiss under Rule 12(b) is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). The district court should not grant the motion simply because the possibility of ultimate recovery is remote. *Id.* at 779 (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

Similarly, in a motion to dismiss a complaint for failure to plead fraud with sufficient particularity pursuant to Fed.R. Civ.P. 9(b), a plaintiff's allegations must be taken as true. *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 52 (2d Cir.1986). The allegations of fraud contained in the complaint must be specific enough to allow the defendant "a reasonable opportunity to answer the complaint" and must give "adequate information" to allow the defendant "to frame a response." *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). To satisfy the pleading requirements of Rule 9(b), the complaint must identify the actionable false and misleading statements, whether oral or written, must allege the time, place, and circumstances of the statements, and must allege scienter on the part of the defendants, or conditions under which scienter may be inferred. *Klein v. Computer Devices, Inc.*, 591 F.Supp. 270, 279 (S.D.N.Y. 1984); *Ross, supra*, 607 F.2d at 558.

The New York Appellate Division[4] has provided the following concise and accurate statement of the New York common law of fraud in the context of contractual relations:

*Creative Food Imports, Ltd.*, No. 83 Civ. 8124 (CSH), 1984 WL 3657 (S.D.N.Y. March 14, 1984). *But see Lemme v. Wine of Japan Import, Inc.*, 631 F.Supp. 456, 459 (E.D.N.Y.1986).

the building industry, that a contractor who has undertaken to prepare shop drawings, provides the field measurements and dimensions which are the prerequisite for adequate shop drawings." Lackner aff., ¶ 5.

**2.** As plaintiff correctly points out, the fact that the marble was to be shipped F.O.B. Alabama or Missouri should not be weighed heavily by the Court in determining the existence of personal jurisdiction. *See Finest Fruits, Inc. v. Bertuca*, 714 F.Supp. 94, 97 (S.D.N.Y.1989); *Cavalier Label Co., Inc. v. Polytam, Ltd.*, 687 F.Supp. 872, 877 (S.D.N.Y.1988); *Foster Importing Co. v.*

**3.** Count one of the complaint alleges breach of contract.

**4.** "Jurisdiction is predicated on diversity of citizenship. The parties assume that New York law governs; the record confirms this." *Sussex Leasing v. U.S. West Financial Services*, 877 F.2d 200, 201 (2d Cir.1989) (Lumbard, J.); *see Gelb v.*

It is the general rule that fraud cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct. Mere unfulfilled promissory statements as to what will be done in the future are not actionable as fraud and the injured parties' remedy is to sue for breach of contract. An exception to this rule is that where the defendant makes a promise as to future action for the purpose of inducing the plaintiff to enter into a contract, and does not fulfill that promise, a party who relies thereon to his detriment may recover for fraud where he can prove that at the time the promise was made the defendant had no intention of carrying it out.

*Brown v. Lockwood,* 76 A.D.2d 721, 731–32, 432 N.Y.S.2d 186, 194 (2d Dep't 1980) (citations omitted); *accord Vanderburgh v. Porter Sheet Metal, Inc.,* 86 A.D.2d 688, 688–89, 446 N.Y.S.2d 523, 525 (3d Dep't 1982); *Miller v. Volk & Huxley Inc.,* 44 A.D.2d 810, 810, 355 N.Y.S.2d 605, 606–07 (1st Dep't 1974); 24 N.Y.Jur., Fraud and Deceit, § 50.

■ Despite the liberal rules of pleading, the complaint in its present form fails to state a claim for common law fraud. Aside from one conclusory paragraph which alleges that defendants misrepresented their ability and intention to perform the contract, the complaint does not allege facts which give rise to a fraud claim. *See* Complaint, ¶ 24. The cause of action as currently stated in the complaint is merely one for breach of contract. There are no specific references in the complaint to false written or oral statements which would underpin a claim for fraud.[5] Plaintiff's assertion that "[d]efendants have misrepresented and distorted facts and events in dealing with other subcontractors to whom [plaintiff] has contractual obligations in connection with the Memorial" fails the particularity requirements of Rule 9(b). *See* Complaint, ¶ 18. Plaintiff's second

claim for relief is hereby dismissed without prejudice.

■ Plaintiff's claim for punitive damages must be dismissed as well, as "punitive damages are not available in New York for breach of contract." *Vanderburgh, supra,* 86 A.D.2d at 689, 446 N.Y.S.2d at 525; *see Value Time, Inc. v. Windsor Toys, Inc.,* 700 F.Supp. 6, 7 (S.D.N.Y. 1988).

### CONCLUSION

Plaintiff's motion for reargument is granted. The Court hereby vacates its Order and Opinion of October 27, 1989, and denies defendants' motion to dismiss the complaint for lack of personal jurisdiction. Defendants' motion to dismiss the second count of the complaint pursuant to Fed.R. Civ.P. 12(b)(6) and 9(b) is granted. This dismissal is without prejudice, and the Court grants plaintiff leave to replead. Plaintiff's request for punitive damages is hereby struck from the complaint.

SO ORDERED.

---

*Royal Globe Ins. Co.,* 798 F.2d 38, 44 n. 5 (2d Cir.1986) (Newman, J.), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987).

**5.** The purpose of a motion pursuant to Rule 12(b)(6) is "to test the formal sufficiency of the complaint," and thus the Court's inquiry is limit-

ed to the complaint itself. Other pleadings and affidavits are only relevant to motions for summary judgment pursuant to Fed.R.Civ.P. 56. Wright & Miller, *Federal Practice and Procedure,* § 1356, at 590–92. The Court believes a similar purpose is served by Rule 9(b).