VAN OMMEREN BULK SHIPPING, B.V., Plaintiff,

v.

TAGSHIP, INC., Richard Tager, and Tagship Management Corporation, Defendants.

Civ. No. 3–92–81 (WWE).

United States District Court, D. Connecticut.

April 27, 1993.

(WWE).

Leroy Lambert, Healy & Baillie, New York City, for plaintiff.

Richard L. Albrecht, Marci J. Silverman, Cohen & Wolf, P.C., Bridgeport, CT, Robert L. Trowbridge, Trowbridge, Ide, Mansfield & Shaw, P.C., Hartford, CT, for defendants.

**RULING ON MOTION TO TRANSFER**

EGINTON, Senior District Judge.

Plaintiff, Van Ommeren Bulk Shipping, B.V., ("Van Ommeren") has filed a complaint containing two causes of action. Count I alleges breach of contract against Tagship Management. Count II alleges conversion against Tagship Management, Tagship, and Richard Tager. Tager filed a counterclaim against Van Ommeren for unfair or deceptive acts or practices in the conduct of trade or commerce as proscribed by the Connecticut Unfair Trade Practices Act ("CUTPA"). This court subsequently granted Commodities Ocean Transport Corporation's ("Commodities") motion to intervene as a plaintiff. Defendants Tagship Management, Tagship Inc., and Richard Tager now move pursuant to 28 U.S.C. § 1404 to transfer this action to the Southern District of Florida. For the following reasons, the motion will be denied.

**FACTS**

Plaintiff is a Dutch corporation which ships cargo to and from ports in Europe and the East Coast of the United States. Its principal place of business is in Rotterdam, Netherlands.

Defendant Richard Tager resides in Wellington, Florida. Richard Tager is the sole shareholder and officer of Tagship Management and Tagship. Both Tagship Management and Tagship are companies which provide agency services to vessels calling on ports in the East Coast of the United States and the Gulf of Mexico. Tagship Management has offices in Singer Island, Florida. Tagship has offices in Texas, Florida, Georgia, North Carolina, Maryland, New Jersey, and New Haven, Connecticut. On August 7, 1992, Tagship filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code in the Southern District of Florida.

From 1984 to 1991, Van Ommeren used Tagship Management Corporation as its authorized agent. Tagship's duties included coordinating and paying tugboats, pilots, stevedores, docks, linehandlers, and customs officials for Van Ommeren's vessels in various ports of call. In return, Van Ommeren advanced to a fiduciary account sufficient funds to cover the necessary services as well as an agency fee for Tagship Management.

In 1991, Van Ommeren and Tagship Management entered into a contract whereby Tagship Management agreed to provide services for plaintiff's vessels calling on ports on the East Coast of the United States. Tagship Management used Tagship as its subagent to provide services in the port of New Haven, Connecticut (as well as other ports where Tagship had offices). In mid–1991, although plaintiff had advanced sufficient funds, Tagship Management failed to pay the

tugboats, pilots, stevedores, docks, linehandlers, and customs fees on behalf of its principal, Van Ommeren. Van Ommeren alleges that defendant Tagship Management used the forwarded funds to pay suppliers of services of other vessels operated by other companies, salaries—including those of defendant Richard Tager, and overhead costs of Tagship Management and Tagship.

## DISCUSSION

■ 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The factors to be considered on a motion to transfer under Section 1404(a) are: (1) Plaintiff's choice of forum; (2) where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of the material witnesses; (5) the availability of process to compel the appearance of unwilling witnesses; and (6) other considerations affecting the interests of justice. *Executone Info. Systems, Inc. v. BDO Seidman*, 1993 WL 37111, at *2, No. 92–4013, 1993 U.S.Dist. LEXIS 1338, at *4 (S.D.N.Y. Feb. 9, 1993). "Motions to transfer pursuant to § 1404(a) are addressed to the discretion of the court, with due consideration afforded to factors such as the convenience of the parties and witnesses and the ease of access to sources of proof." *Combustion Engineering v. NEI Int'l Combustion Ltd.*, 798 F.Supp. 100, 106 (D.Conn.1992).

■ The burden is on the moving party to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The moving party must make a clear showing that transfer is in the best interests of the litigation. *Feigenbaum v. Marble of America, Inc.*, 735 F.Supp. 79 (S.D.N.Y. 1990). Courts should generally "not order a transfer which would merely switch the burden of inconvenience from one party to the other." *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1332 (S.D.N.Y. 1989). A key factor in determining the appropriate venue is the convenience of the witnesses. *Combustion Engineering*, 798 F.Supp. at 106.

Van Ommeren's principal witness, Mr. Jan de Boer, is the manager of Port Operations of Van Ommeren USA. Mr. de Boer works in Stamford, Connecticut, and resides in Guilford, Connecticut. Van Ommeren also intends to call as witnesses Henry A. St. Laurent, Vice President of New Haven Terminals, Inc., and two former employees of Tagship, who it believes still reside in Connecticut. Van Ommeren alleges that it will also call witnesses from Maryland, Philadelphia, Port Everglades, and Tampa. Commodities has not specified who its principal witnesses will be. Defendants allege that they do not intend to call any witnesses from Connecticut. Defendants also claim that many of the witnesses they will call will be from Florida.

■ In a motion to transfer, a court does not seek merely to transfer inconvenience from one party to the other. The court finds that there is no reasonably convenient forum for a major portion of the witnesses likely to be called in this case. The myriad locations of the witnesses do not favor either Connecticut or Florida. *See Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 997 (S.D.N.Y.1990).

Plaintiff's choice of forum is Connecticut. Services were rendered to Van Ommeren's vessels in Connecticut. Plaintiff is a foreign corporation, but it maintains a subsidiary, Van Ommeren USA, in this district. Defendant Richard Tager lived in Connecticut when this suit was commenced. At the time of the alleged breach of contract, Tagship maintained offices in New Haven, Connecticut. Transferring this case from this district to the Southern District of Florida would merely transfer the inconvenience from the defendant to the plaintiff. Therefore, the court will defer to the right of the plaintiff to choose its forum. *See Combustion Engineering v. NEI Int'l Combustion*, 798 F.Supp. 100, 107.

## CONCLUSION

For the reasons stated above, the motion to transfer [48] is DENIED.