Charles JONES, Plaintiff,

v.

Donald J. TRUMP, et al., Defendants.

No. 3:95cv1269 (PCD).

United States District Court,
D. Connecticut.

March 27, 1996.

Charles Jones, Greenwich, CT, Pro Se Plaintiff.

Harold James Pickerstein, Marie A. Casper, Trager & Trager, P.C., Fairfield, CT, for Defendants, Donald J. Trump, Marla Maples Trump, Plaza Hotel, Janie Elder Porco, Richard Fields, Ann Ogletree, Dominic Pezzo, Matthew Calamari, Trump Organization, Michael Berger, and Jay Goldberg.

John Hogrogian, Brigitte Duffy, New York Law Department, Assistant Corporation Counsel, New York City, for Defendants, City of New York, Robert Gianetta, Brian Higgins, and William Lynch.

Morrie I. Kleinbart, District Attorney's Office, New York City, for Defendant, Doreen Klein.

## RULING ON PENDING MOTIONS

DORSEY, Chief Judge.

Plaintiff Charles ("Chuck") Jones was formerly a press agent for Marla Maples Trump. Plaintiff's employment was terminated after he purportedly stole personal effects from Mrs. Trump. He was arrested and convicted in New York for burglary and other crimes.

This action is based on a host of incidents and allegations, such as: searches of plaintiff's Connecticut residence and New York office, defamation in the New York *Post* and other news media, malice behind the New York criminal prosecution, and breach of a contract that purportedly could have garnered plaintiff 10% of Donald Trump's net worth. The complaint depicts a vast conspiracy, allegedly orchestrated by the following defendants:

- the Trumps and Trump employees and associates, including Janie Elder Porco, Richard Fields, Ann Ogletree, Dominic Pezzo, Matthew Calamari, Jay Goldberg, Michael Berger, The Trump Organization, and The Plaza Hotel, a/k/a Plaza Operating Partners, Ltd. ("the Trump defendants");

- three police officers involved in the searches of plaintiff's residence and office (Robert Gianetta, William Lynch, and Brian Higgins) and the City of New York ("the municipal defendants");[1] and

- Doreen Klein, a Manhattan Assistant District Attorney who obtained warrants for the searches and otherwise participated in plaintiff's criminal prosecution.

Defendants are all New York residents, except Ogletree, who is believed to be a resident of Florida.

---

1. It will not always be accurate to refer to the Trump and municipal defendants collectively. Several issues do not pertain to all of a group's members. Nevertheless, a claim will be described as made against, or a motion by, the Trump or municipal defendants as long as at least one of the group's members is named in the claim or motion.

## I. DISCUSSION

### A. Personal Jurisdiction

Klein and the Trump defendants move to dismiss for lack of personal jurisdiction. *See* FED.R.CIV.P. 12(b)(2). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409–10, 98 L.Ed.2d 415 (1987). The procedural requirement applicable here is Federal Rule of Civil Procedure 4(e)(1), which allows service "pursuant to the law of the state in which the district court is located...." Connecticut authorizes service on nonresident individuals in instances enumerated in General Statutes § 52–59b(a), *see* CONN.GEN.STAT. § 52–59b(c), as follows:

> As to a cause of action arising from any of the acts enumerated in this section ... [service may be made on] any nonresident individual ... who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to cause of action for defamation of character arising from the act ...; or (4) owns, uses or possesses any real property situated within the state.

### 1. The Trump Defendants

■ The Trump defendants argue that personal jurisdiction does not exist for the defamation claims against them. (*See* Compl. ¶¶ 140–87, 222–33, 256–60.) "[T]here must be an independent basis for ... personal jurisdiction for each [of plaintiff's] claim[s]." *Debreceni v. Bru–Jell Leasing Corp.*, 710 F.Supp. 15, 19 (D.Mass.1989) (applying analogous Massachusetts law); *see also Farr v. Spatial Technology, Inc.*, 152 F.R.D. 113, 116 (S.D.Ohio 1993) (same) (applying analogous Ohio law).

The above-quoted provisions of § 52–59b(a) do not authorize personal jurisdiction over the defamation claims. Subsections (a)(2) and (a)(3) explicitly exclude jurisdiction based on defamation. Subsections (a)(1) and (a)(4) are likewise not bases for jurisdiction. Jurisdiction under these subsections is allowed only for "a cause of action arising from any of the acts enumerated [there]in...." CONN.GEN.STAT. § 52–59b(a). None of the defamation claims arises from a Trump defendant's ownership, use, or possession of real property in Connecticut, as enumerated in subsection (a)(4). Nor does any claim arise from a defendant's transaction of business within the state, as enumerated in subsection (a)(1). Plaintiff alleges that defendants made defamatory statements to out-of-state news media, such as the New York *Post*, which were disseminated in Connecticut. (*See, e.g.,* Compl. ¶¶ 177, 179, 223). Such acts, however, have typically been found not to constitute business transactions encompassed by § 52–59b(a). *See Greene v. Sha–Na–Na*, 637 F.Supp. 591, 593–94 (D.Conn.1986); *see also Lombard Bros. v. Gen. Asset Management Co.*, 190 Conn. 245, 255–57, 460 A.2d 481, 486–87 (1983); *but see Miller v. Meadowlands Car Imports, Inc.*, 822 F.Supp. 61, 65 (D.Conn.1993). Accordingly, plaintiff's defamation claims against the Trump defendants are dismissed for lack of personal jurisdiction.

### 2. Klein

■ Klein moves to dismiss the "vast majority" of the eleven claims against her for lack of personal jurisdiction. She does not fully specify which counts are subjects of her motion and which are not. It is clear from the memorandum supporting her motion that she targets the two defamation counts, (Compl. ¶¶ 270–73), which are dismissed for substantially the same reasons as pertain to the Trump defendants. Klein does not seem to seek dismissal of the fraud claim, (*id.* ¶¶ 87–92), which concerns an act (her effort to obtain a search warrant from a Connecticut judge) for which she concedes her amenability to service. It is impossible to determine, however, whether she seeks dismissal of the other eight counts in part, in whole, or not at all.

This situation is analogous to *Metropolitan Life Insurance Company v. Everett*, 15

F.R.D. 498 (S.D.N.Y.1954), in which a motion to strike was denied because defendant did not identify which paragraphs of plaintiff's answer it desired stricken. *Id.* at 499. A motion must "set forth the relief or order sought." FED.R.CIV.P. 7(b)(1). Because Klein's motion does not do so, it is denied without prejudice, except as to the defamation counts.

### B. Venue

#### 1. Venue in the District of Connecticut

■ Klein and the municipal defendants move to dismiss for improper venue. *See* FED.R.CIV.P. 12(b)(3). Venue must be proper for each claim. *See Neizil v. Williams,* 543 F.Supp. 899, 904 (M.D.Fla.1982). A district is a proper venue for a claim if "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b) (1994). "[C]ourts have avoided applying [this language] so broadly as to locate venue in any of the many districts where some part, however small, of an alleged wrong has taken place." *Whelen Eng'g Co. v. Tomar Elecs., Inc.,* 672 F.Supp. 659, 665 (D.Conn.1987).

■ This district is an improper venue for the following claims against Klein and/or the municipal defendants because they did not substantially arise from events or omissions occurring in Connecticut:

- *Malicious Abuse of Process and Retaliatory Prosecution* (Compl. ¶¶ 102–23) *and Extortion* (*id.* ¶¶ 124–29). In these claims, plaintiff alleges that threats made in New York culminated in his New York criminal prosecution. (*See, e.g., id.* ¶ 123.) Although plaintiff notes that these actions were purportedly taken to induce him to abandon a contract allegedly entered into in Connecticut, (*see id.* ¶ 103), this is a minor aspect of his claims.

- *Trespass* (Compl. ¶¶ 241–42), *Destruction of Private Property* (*id.* ¶¶ 243–46), *Theft* (*id.* ¶¶ 247–48), *Violation of Privacy* (*id.* ¶¶ 249–51), *Conversion* (*id.* ¶¶ 252–55). These claims exclusively concern actions by defendants at plaintiff's New York office.

- *Malicious Abuse of Process* (Compl. ¶¶ 290–99). This claim exclusively concerns Klein's alleged subornation of perjury in New York to obtain a search warrant for plaintiff's New York office. (*See id.* ¶ 291.)

■ The District of Connecticut is also an improper venue for the remaining claims against Klein and/or the municipal defendants. As the discussion in the footnote suggests,[2] "it is not clear that [these claims] arose in only one specific district...." *Leroy v. Great W. United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979). They seem to have arisen substantially both from events or omissions occurring in this district and from others occurring in the Southern District of New York. Plaintiff could have chosen between these two districts if they were approximately equal "in terms of availability of witnesses, the accessibility of other relevant evidence,

---

**2.** *Fraud* (Compl. ¶¶ 87–92), *Unlawful search and seizure* (*id.* ¶¶ 93–101), *Trespass* (*id.* ¶¶ 261–66), *Intentional Infliction of Emotional Distress* (*id.* ¶¶ 267–69). These claims concern the search of plaintiff's Connecticut residence, but they all depend on perjury that allegedly occurred in New York. (*See id.* ¶ 69.)

    *Conspiracy* (Compl. ¶¶ 130–34). Although the complaint states the alleged conspiracy "arose" in Connecticut, (*id.* ¶ 23), plaintiff cannot lay venue in this district based on so conclusory an assertion. *See, e.g., Gibson v. Colo.,* No. 94–4059–SAC, 1994 WL 262687, at *1 (D.Kan. May 24, 1994). The facts he alleges in connection with the conspiracy occurred in both Connecticut and New York. (*See, e.g., id.* ¶¶ 49, 69).

    *Unconstitutional Policy or Custom* (Compl. ¶¶ 135–39) *and Intentional Infliction of Emotion-* *al Distress/Harassment* (Compl. ¶¶ 274–89). These claims concern the searches of plaintiff's Connecticut residence and his New York office. (*See id.* ¶¶ 136, 276.) The intentional infliction/harassment claim also concerns proceedings in plaintiff's New York criminal prosecution. (*See id.* ¶¶ 278–85.)

    *Harassment* (*id.* ¶¶ 300–09). This claim concerns Klein's alleged misuse of her authority as an Assistant District Attorney, which purportedly involved acts in both Connecticut and New York. (*See, e.g., id.* ¶ 69.)

    *Denial of Fair Trial* (Compl. ¶¶ 310–13). This claim concerns plaintiff's New York criminal trial and relies on previous allegations, (*see id.* ¶ 311), some of which, as discussed above, arose substantially in Connecticut as well as New York.

and the convenience of the defendant[s] (but *not* of the plaintiff)...." *Id.* Approximately equal, however, the districts were not:

- The municipal defendants state that most witnesses are located in New York, and plaintiff does not contradict this contention. He simply identifies several Connecticut witnesses he plans to call, without stating that they would resist testifying in New York.
- Much of the other relevant evidence is accessible in the Southern District. As the discussion in the footnote suggests, a great bulk of the operative facts took place there.
- The Southern District is obviously more convenient for defendants. All but perhaps one of them are located there.

■ Because venue in the District of Connecticut is improper, the claims discussed above must either be (1) dismissed or (2) severed and transferred to a proper venue. *See* 28 U.S.C. § 1406(a); 2A James Wm. Moore, Moore's Federal Practice ¶ 12.07[2.–3], at 12–78 (2d ed. 1995); *see also Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C.Cir.1981). An alternative to either course of action, discussed below, is transfer of the entire case: not only the claims against Klein and/or the municipal defendants, but those against the Trump defendants as well.

### 2. Transfer to the Southern District

[11–13] Many of the claims discussed above are made against the Trump defendants as well as Klein and/or the municipal defendants. (*See* Compl. ¶¶ 87–92 (fraud), 93–101 (unlawful search and seizure), 102–23 (malicious abuse of process and retaliatory prosecution), 124–29 (extortion), 130–34 (conspiracy), 241–42 (trespass), 243–46 (destruction of private property), 247–48 (theft), 249–51 (violation of privacy), 252–55 (conversion), 310–13 (denial of fair trial).) Although the

District of Connecticut is an improper venue insofar as the claims relate to Klein and the municipal defendants, the district is not an improper venue insofar as they relate to the Trump defendants. Venue is also proper in this district with respect to plaintiff's other remaining claims against the Trump defendants. (*See id.* ¶¶ 188–21 (breach of contract), 234–40 (intentional infliction of emotional distress).) The Trump defendants have waived any venue objection by omitting it from their motion to dismiss, and venue may not thereafter be held improper sua sponte. *See* Fed.R.Civ.P. 12(h)(1); *see also Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir.1966).

■ Nevertheless, the claims against the Trump defendants, as well as those against Klein and/or the municipal defendants, may be transferred to the Southern District. Under 28 U.S.C. § 1404(a), improper venue is not a prerequisite to transfer.[3] *See* 1A Moore, *supra*, ¶ 0.345[1], at 4321.

■ Transfer is allowed to a district where the action "might have been brought." 28 U.S.C. § 1404(a). The Southern District is such a district. "A civil action ... may ... be brought ... in ... a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *See* 28 U.S.C. 1391(b). As stated above, all but perhaps one of the defendants may be found in the Southern District, and there is no other district in which plaintiff could have brought this action, given that the District of Connecticut is an improper venue for the claims discussed above. *See id.* (specifying permissible venues).

■ Transfer must be "[f]or the convenience of parties and witnesses, in the interest of justice...." 28 U.S.C. § 1404(a). The factors to be considered are: (1) plain-

---

3. Nor is a motion for transfer required. *Clopay Corp. v. Newell Cos.*, 527 F.Supp. 733, 737 (D.Del.1981). At the present time, there is no such motion pending. Klein has moved for transfer only in the event that this district is held to be a proper venue for the claims against her, which it has not been. The municipal defendants' motion for transfer was denied without

prejudice on September 7, 1995 and has not subsequently been renewed. Plaintiff and the Trump defendants have not moved for transfer, but they have had the opportunity to brief the issue, after it was raised by Klein and the municipal defendants. *See Robinson v. Town of Madison*, 752 F.Supp. 842, 846 (N.D.Ill.1990). Only plaintiff has objected to transfer.

tiff's choice of forum, (2) where the operative facts occurred, (3) the convenience of the parties, (4) the convenience of the material witnesses, (5) the availability of process to compel the appearance of unwilling witnesses, and (6) other considerations affecting the interests of justice. *Van Ommeren Bulk Shipping, B.V. v. Tagship, Inc.,* 821 F.Supp. 848, 850 (D.Conn.1993). No combination or weight of such factors is required for transfer. 1A MOORE, *supra,* ¶ 0.345[5], at 4362–63. The decision is within the court's discretion. *See Hubbard v. White,* 755 F.2d 692, 694 (8th Cir.1985), *cert. denied,* 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985).

■■■ Transfer of this case to the Southern District is in the interest of justice. Plaintiff's choice of a Connecticut forum is outweighed by the following factors: First, transfer is appropriate because most defendants, witnesses, and other evidence are located in the Southern District, as discussed above in connection with the claims that appear to have arisen substantially in both Connecticut and New York.

Second, plaintiff would not be inconvenienced by transfer to the Southern District. He offers no explanation for his claim that transfer would financially prejudice him. Nor is an explanation otherwise apparent. As plaintiff is proceeding pro se, he would not have to incur the cost of retaining New York counsel. Nor would he likely incur greater travel costs after transfer. His Greenwich residence is actually closer to Manhattan and White Plains, where Southern District courthouses are located, than it is to the courthouse in New Haven.

Perhaps the most important factor favoring transfer, however, is the following: As stated above, the alternative to transferring this case in its entirety is either (1) dismissing the claims for which venue in this district is improper, or (2) severing these claims and transferring them to a proper venue. Either of these courses would work hardship on plaintiff. Severance would force him to endure the expense and duplication of litigating claims against different defendants in different venues. Dismissal could do the same: it would be without prejudice, *In re Hall, Bayoutree Assocs., Ltd.,* 939 F.2d 802, 804 (9th Cir.1991), allowing plaintiff to refile his claims in another district and assume the burden of a second action. *Costello v. United States,* 365 U.S. 265, 285–86, 81 S.Ct. 534, 544–45, 5 L.Ed.2d 551 (1961). If plaintiff chose not to refile his claims, he would have to forego a decision on their merits. *See Hall,* 939 F.2d at 804. Despite plaintiff's objections to the Southern District, it seems certain that he would prefer transfer of the entire case there to either the burden of maintaining two actions or the disappointment of foregoing a decision on the merits of his claims for which venue in this district is improper.

## II. CONCLUSION

The motions to dismiss (docs. 31–1, 58–1, 71–1) are granted in part and denied in part: The defamation claims, (Compl. ¶¶ 140–87, 222–33, 256–60, 270–73), are dismissed for lack of personal jurisdiction. All other claims are transferred to the Southern District of New York. In other respects, defendants' motions are denied without prejudice to renew.

SO ORDERED.