**BRIDGEPORT MACHINES, INC.**

v.

**ALAMO IRON WORKS, INC.
and Southwest Industrial
Sales, Co.**

**No. 3:98CV313(JBA).**

United States District Court,
D. Connecticut.

July 9, 1999.

Steven Berglass, Douglas M. McAllister, Seeley & Berglass, New Haven, CT, for Bridgeport Machines, Inc., plaintiff.

Joel Z. Green, Green & Gross, P.C., Bridgeport, CT, R. Laurence Macon, Nancy L. Farrer, Akin, Gump, Strauss, Hauer & Feld, San Antonio, TX, for Alamo Iron Works Inc., defendant.

David L. Belt, Alinor Clemans Sterling, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Margaret Appenfelder, T. Morgan Ward, Jr., Stites & Harbison, Louisville, KY, for Southwest Indus. Sales Co., defendant.

### *RULING ON ALAMO IRON WORKS, INC.'S MOTION TO DISMISS TRANSFER VENUE [DOC. # 55]*

ARTERTON, District Judge.

Defendant, Alamo Iron Works, Inc., ("Alamo Iron Work"), moves to dismiss this action for improper venue under 28 U.S.C. § 1406(a) and in the alternative, moves to transfer venue to the Western District of Texas under 28 U.S.C. § 1404(a). Contemporaneously, Alamo Iron Works has filed a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(6) and 12(b)(1) [doc. # 54] which has been granted insofar as this declaratory judgment action will be stayed pending the outcome of the Texas state court action among the parties.

---

1. Dismissal is not the only alternative where venue is improper. 28 U.S.C. § 1406 also permits the district court to transfer any action with venue laid in the wrong division to

### Motion to Dismiss for Improper Venue under 29 U.S.C. § 1406

Alamo Iron Works argues that venue is improper in the District of Connecticut, and therefore asks this Court to dismiss this action under 28 U.S.C. § 1406.[1] Defendant Southwest does not join in this motion and as it has already filed its answer without challenge to venue, and thus, has waived any objection under 28 U.S.C. § 1406.

The applicable venue statute, 28 U.S.C. § 1391(a), dictates where diversity actions may be brought:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Although Alamo Iron Works acknowledges venue would be proper case "in the county of a defendant's residence if all defendants reside in the same state" under 28 U.S.C. § 1391(a)(1), it construes the Western District of Texas, San Antonio as the appropriate venue under this standard since both "defendants in this case are Texas corporations with their principal places of business in Texas." Mot. to Dismiss at ¶ 5. The fact that the Western District of Texas might have been a proper venue for this action does not render this District improper since venue may be properly laid in more than one venue. Alamo Work's restrictive interpretation of where these corporate defendants "reside"

any district in which the action could have been brought "if it be in the interest of justice."

for purposes Section 1391(a)(1) as limited to their principal place of business is contrary to the section of the venue statute defining where corporations "reside" for purposes of Section 1391(a). *See* 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.") Since Alamo Works has not challenged this Court's personal jurisdiction over it, the Court finds that venue is proper in this District under 28 U.S.C. § 1391(a)(1) given that Alamo Works is subject to this Court's personal jurisdiction. Therefore, Alamo Iron Works' Motion to Dismiss based on improper venue under 28 U.S.C. § 1406(a) is DENIED.

Having found venue proper under 28 U.S.C. § 1391(a)(1), the Court need not address whether a contractual forum selection clause providing that any action will be brought in the state or federal courts of Connecticut would establish venue in this District and is by itself sufficient to defeat Alamo Work's motion to dismiss under Section 1406(a).

### Motion to Transfer Venue under 28 U.S.C. § 1404(a)

Alamo Works moves in the alternative to transfer venue to the Western District of Texas, San Antonio Division under Section 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

### Legal Standard

■ It is well settled that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equipment Corp.,* 980 F.2d 110, 117 (1992). The burden to transfer venue under Section 1404(a) is on the moving party, in this case, Alamo Works, to demonstrate by

clear and convincing showing that transfer should be made. *See Van Ommeren Bulk Shipping, B.V. v. Tagship,* 821 F.Supp. 848 (D.Conn.1993) (denying motion to transfer finding transfer would merely transfer the inconvenience from defendant to plaintiff and therefore not necessary to disturb plaintiff's choice of forum).

■ In determining whether transfer is warranted, the following factors are considered relevant: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) plaintiff's choice of forum; (4) where the operative facts occurred; (5) the availability of process to compel appearance of unwilling witnesses; and (6) trial efficiency and other considerations affecting the interests of justice. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### Analysis of relevant factors

■ "[T]he first two factors—that of the convenience of the parties and witnesses are generally the most important factors in a court's determination of whether to grant a motion to transfer." *Hill v. Golden Corral Corp.,* 1999 WL 342251 (E.D.N.Y.1999). While Alamo Iron Works and Southwest are both Texas Corporations, Bridgeport Machines is a Connecticut corporation. A transfer to a Texas district court would largely transfer any inconvenience of traveling between Texas and Connecticut from defendants to plaintiff. As far as convenience of witnesses, Alamo Iron claims that of its thirty-four witnesses, twenty seven are in Texas and not subject to this Court's subpoena power under Fed.R.Civ.P. 45(c)(3)(A)(ii). However, Alamo Works's list of prospective witnesses contains several individuals who are principals or current employees of Alamo Works, therefore militating against claimed inconvenience since presumably Alamo Works could accommodate these individuals' travel to Connecticut. Similar-

ly, Alamo's contention that most of the documentation in this case is located in Texas is unpersuasive absent any showing that it would be too burdensome to transport it to Connecticut. Moreover, while Alamo indicates it anticipates calling several of its customers located in Texas as witnesses in this action, it has not designated which individuals on its list represent such non-party witnesses and what these customers would testify, about, making it impossible for the Court to determine their relevance or importance to this case, or whether these witnesses would be unwilling to voluntarily travel to Connecticut, or would be unable to do so without extreme hardship. Accordingly, Alamo Works has not met its burden of demonstrating that the convenience of the parties and non-party witnesses warrants transfer.

■ Next, a plaintiff's choice of forum is generally entitled to considerable weight. Alamo Works contends that such weight should not be accorded Bridgeport Machine's choice of forum since all of the conduct giving rise to this action took place in Texas. However, "the case law recognizes that a plaintiff's choice of forum is accorded less weight only when that forum is neither the plaintiff's home nor place where the operative facts occurred." *Hill v. Golden Corral Corp.*, 1999 WL 342251 (E.D.N.Y.1999). Since Bridgeport Machines has filed this action in the state where it resides and maintains its principal place of business, its chosen forum is entitled to substantial consideration.

The parties expend much energy briefing the issue of whether the choice of forum provision provided in the Terms and Conditions of Sale is valid even though it does not appear to have been signed by Alamo Iron Works, and even if valid, whether this provision would govern Bridgeport Machine's claims in this action or instead whether these claims arise under the Distribution Agreement which lacks a forum selection clause. The Court need not resolve these issues in the context of this motion since the forum selec-

tion clause if valid and binding on this dispute would only further bolster the choice of Connecticut forum.

Alamo Iron Works also argues that transfer is appropriate since the majority of the claims such as fraud, fraud in the inducement and misrepresentation involve issues of tort law, which will be governed by Texas law. At this juncture it is not clear whether or how Texas law would apply to some of the issues raised by Bridgeport Machine's claim in this declaratory judgment action. It is undisputed that Connecticut law applies to the contract claims. Even if Texas law applied to some portions of Bridgeport Machine's claims, there is no suggestion that these claims raise a complex issue of foreign law which this Court would be unable to apply if necessary. Thus, the potential application of foreign law does not weigh in favor of transfer.

Finally, Alamo Iron Works does not demonstrate how efficiencies will be achieved by a transfer of this action to the Western District of Texas or how interests of justice will otherwise be furthered, particularly where the other existing proceeding initiated by Alamo Iron Works in Texas state court would remain a separate action.

Although 28 U.S.C. § 1404(a) places a lesser burden on the moving party than the doctrine of forum non conveniens, the moving party nonetheless has a "burden of making out a strong case for a transfer." *Ford Motor v. Ryan*, 182 F.2d 329, 330 (2d Cir.1950).

## Conclusion

Having weighed each of the relevant factors, the Court finds that Alamo Iron Works has failed to meet its burden of establishing that transfer is warranted in this case. Accordingly, Alamo Iron Work's Motion to Dismiss or Transfer Venue under Section 1406(a) and Section

1404(a), respectively, [doc. # 55], is DE-NIED.

IT IS SO ORDERED.