Samuel H. Hofstadter, J.
This is a motion to dismiss the complaint for failure to state a cause of action. Plaintiff employed defendant stock brokerage firm to act as her agent in security transactions. Thereafter, defendant was served with a subpoena duces tecum in an action in the Supreme Court, Queens County, entitled Miriam Schulberg v. Norbert Schulberg, requiring defendant to appear in court and produce its records relating to plaintiff’s stock brokerage account. Instead of appearing before the court with the plaintiff’s brokerage records pursuant to the subpoena, defendant delivered to counsel for Norbert Schulberg a complete transcript of the account.
*568 Plaintiff alleges that in so doing defendant acted “ in wanton disregard of the rights and feelings of the plaintiff ’ ’ and in violation of the ‘ ‘ confidential status of the brokerage account of the plaintiff ’ ’; and that, as a result, plaintiff suffered ‘ ‘ mental anguish and distress ” to the extent of $100,000.
In a second cause of action, plaintiff also alleges that by reason of defendant’s action she was deprived of the right to request a ruling from the court with respect to the records and demands exemplary and punitive damages of $100,000:
Special damages are not alleged in either cause of action.
Defendant contends that mental pain and suffering is not an element of compensatory damages recoverable in breach of contract actions.
The so-called “ Texas Doctrine”, enunciated in So Relle v. Western Union Tel. Co. (55 Tex. 308 [1881]) overruled in Gulf, C. & S. F. Ry. Co. v. Levy (59 Tex. 563 [1883]) and reaffirmed in Stuart v. Western Union Tel. Co. (66 Tex. 580) allowing recovery for mental suffering arising out of the negligent breach of a contract, has been rejected by a majority of the courts, including New York (see Hofstadter and Horowitz, The Bight of Privacy, § 1.2, p. 4; 6 Vanderbilt L. Rev. [April, 1953] 757, 758-759; Aaron v. Ward, 203 N. Y. 351, 354). Exceptions have been enunciated where the breach was wanton or reckless, where a physical injury was present or where the defendant was engaged in a business of public or quasi-public nature. These consist of innkeepers, hotels, carriers, places of amusement, dancing schools, bathing establishments, etc. (Aaron v. Ward, supra); but, in these cases, insult, indignation or abuse were concomitant factors (Boyce v. Greeley Sq. Hotel Co., 228 N. Y. 106).
To be sure, the special relationship of broker-customer involves a fiduciary duty (Rubin v. Salomon, 136 Misc. 527), a breach of which may indeed give rise to a tort action (Wilson v. Morley, 236 App. Div. 546, 547). Plaintiff’s problem here is that she has not alleged facts supporting her conclusion that defendant’s acts were wanton or reckless, permitting her to recover compensatory damages (Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25) or unconscionable, permitting her to recover exemplary damages (Brown v. Coates, 253 F. 2d 36). Standing unsupported, her factual allegations are insufficient to enable the court to accept her characterization of them.
Nor may her complaint be construed as an action in “ prima facie tort ”. This form of action covers intentional harm resulting in damage by reason of an act or series of acts which might otherwise be lawful and which do not fall within the orbit of *569 traditional tort actions (see Opera on Tour v. Weber, 285 N. Y. 348; American Guild of Musical Artists v. Petrillo, 286 N. Y. 226; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79). “ Generally, when causes of action are pleaded in tort for intentional harms falling outside the categories of the ‘ conventional ’ or ‘ traditional ’ torts, special damages must be alleged and subsequently proven ” (Zausner v. Fotochrome, 18 A D 2d 649). As noted, plaintiff makes no claim to special damages.
The motion to dismiss is granted, with leave to replead within 20 days after service of a copy of this order with notice of entry (see, also, Dress Shirt Sales v. Hotel Martinique Assoc., 16 A D 2d 899).