■ ALBERT C. HOHEB, Appellant, v PATHOLOGY ASSOCIATES OF ALBANY, P. C., et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 26, 1988 in Albany County, which granted defendants' motion to dismiss the second, third, fourth and fifth causes of action in the amended complaint for failure to state a cause of action.

Plaintiff and defendant Louis G. Jakovic are shareholders in and employees of defendant Pathology Associates of Albany, P. C. (hereinafter the corporation), a medical group which provides pathology services at Memorial Hospital in the City of Albany. The corporation has three shareholders, Jakovic being the majority owner. On December 20, 1984, plaintiff entered into an employment contract with the corporation, which provided, *inter alia,* that any amendments "be reduced to writing signed by [the corporation] and [plaintiff]" and that any reduction in salary would necessitate a unanimous vote of the shareholders. In early June 1987, Memorial Hospital notified Jakovic, as president of the corporation, that the services provided were deficient and that corrective measures would be required. At a shareholders meeting or conference on June 7, 1987, Jakovic advised plaintiff that his services and compensation would be restricted effective July 1, 1987. Thereafter, Jakovic ostensibly published notice that the corporation had been restructured, with plaintiff placed on part-time status. Notably, plaintiff did not sign any agreement purporting to effectuate these changes.

As a consequence of these events, plaintiff commenced this action stating five separate causes of action, the first of which, for breach of the employment contract, is not at issue here. The remaining causes of action are all directed at Jakovic in his individual capacity and framed as intentional infliction of emotional and physical distress, negligent infliction of emotional distress, breach of fiduciary duty and tortious interference with a contractual relationship. Supreme Court granted defendants' motion to dismiss each of these causes of action (CPLR 3211 [a] [7]) and plaintiff has appealed.

We affirm. A prima facie claim of intentional infliction of emotional distress must be predicated on extreme or outrageous conduct which, intentionally or recklessly, occasions severe emotional distress to the plaintiff *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). Here, plaintiff essentially maintains that Jakovic's actions in restructuring the corporation and publishing notice of same were designed to force plaintiff to

relinquish his corporate position by humiliating him in the eyes of the medical community. Plaintiff maintains that this conduct was particularly egregious given Jakovic's awareness of plaintiff's heart condition, for which he underwent coronary bypass surgery in 1981. Plaintiff's characterization of the events, however, is not controlling. Although plaintiff's duties and compensation were significantly restricted, the June 7, 1987 meeting did follow a grievance from Memorial Hospital. Moreover, the restructuring notice did not explicitly attribute any shortcomings to plaintiff. Despite according plaintiff the benefit of every favorable inference *(see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632, 636), we conclude that the facts alleged do not satisfy the strict standard for a claim of this nature *(see, Van Swol v Delaware Val. Cent. School Dist.,* 117 AD2d 962, 963).

Plaintiff's claim for negligent infliction of emotional distress is similarly deficient. Generally, emotional damages are not compensable in a breach of contract action *(see, Vanderburgh v Porter Sheet Metal,* 86 AD2d 688). A limited exception has been recognized where a special relationship exists between the parties and a defendant's acts are wanton or reckless *(see, Ritner v Harris, Upham & Co.,* 46 Misc 2d 567), but usually in relation to actions by employees of a common carrier, innkeeper or similar public enterprise *(see,* 7A Warren, Negligence in the New York Courts, Mental Suffering, § 4.05 [2], at 522 [4th ed]). In our view, the relationship between a majority and minority shareholder simply does not trigger this exception. Nor do the facts alleged qualify as wanton or reckless.

Plaintiff further claims that Jakovic, as majority shareholder in this close corporation, violated a fiduciary duty of fair dealing owed directly to plaintiff and existing independently of the employment contract by implementing a scheme to "squeeze" plaintiff out and enhance his own corporate interests *(see, Fender v Prescott,* 101 AD2d 418, 422-423, *affd* 64 NY2d 1077). Plaintiff emphasizes that the shareholder's agreement included a buy-out provision which would allow Jakovic to proportionately acquire plaintiff's shares upon his departure. As Jakovic accurately counters, however, the language employed in this cause of action focuses on the wrongful reduction of plaintiff's compensation, with a concomitant increase in Jakovic's profits. A diversion of assets by a corporate officer for his own enrichment may give rise to a derivative shareholder suit, but does not substantiate an individual claim *(see, Abrams v Donati,* 66 NY2d 951, 953). Moreover, a breach of fiduciary duty may entitle a shareholder to equita-

ble relief *(see, Alpert v 28 Williams St. Corp.,* 63 NY2d 557, 569), but does not, as Supreme Court observed, create a separate right to recover monetary damages for emotional distress. It has also been held that in instances, as here, where a minority shareholder has assented to a mandatory repurchase-upon-termination clause, no fiduciary obligation arises *(see, Ingle v Glamore Motor Sales,* 140 AD2d 493, 494; *Bevilacque v Ford Motor Co.,* 125 AD2d 516, 519-520). In sum, plaintiff has failed to demonstrate the breach of any duty independent of the contract and flowing directly to him, rather than the corporation.

Finally, plaintiff's conclusory allegations that Jakovic, as majority shareholder, tortiously induced the breach of his employment contract for personal gain do not substantiate his fifth cause of action *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913; *Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532, 533).

Accordingly, we conclude that Supreme Court properly granted defendants' motion to dismiss the second through fifth causes of action. In so holding, we note that plaintiff failed to demonstrate how a continuance for further discovery would have salvaged his claims (CPLR 3211 [d]; *see, Schumacher v Sea Craft Indus.,* 101 AD2d 707).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.