OPINION OF THE COURT
Lucindo Suarez, J.
This breach of contract action presents two issues: what is the extent of consequential damages of delivering eight bridesmaids dresses two hours after the wedding ceremony was scheduled to begin; and does such a late delivery, coupled with a failure to substantially complete the dresses pursuant to specifications, give rise to a cause of action for intentional infliction of emotional distress.
This court, on its own motion, dismissed plaintiff’s cause of action for intentional infliction of emotional distress upon her attempt to introduce testimony and evidence of embarrassment, shame, emotional hurt and suffering. Though inartfully pleaded, pro se plaintiff’s first cause of action as indorsed by the court clerk: "Damage caused to person”, is prima facie sufficient (see, UCCA 902 [a]; 903; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 902, 903, at 738, 739), but substantively deficient.
Plaintiff has failed to meet the high threshold required in proving a cause of action under the tort of intentional infliction of emotional distress. Defendant’s conduct in failing to timely deliver the dresses in a substantially finished condition is not so outrageous in character and extreme in degree that it exceeds all bounds tolerated by a decent society which is of a nature calculated to cause, and does cause, serious mental distress. (See, Howell v New York Post Co., 81 NY2d 115; Murphy v American Home Prods. Corp., 58 NY2d 293.)
Defendant’s failure to deliver the dresses in the manner agreed gives rise to a breach of contract action rather than a tortious wrong. A cause of action for breach of contract, generally, does not give rise to damages for emotional harm (see, Vanderburgh v Porter Sheet Metal, 86 AD2d 688). In Frank v Justine Caterers (271 App Div 980), the Court found that mental anguish was not compensable for breach of con *932 tract where catered food caused guests to be poisoned. In Levin v Halston Ltd. (91 Misc 2d 601), the court held that plaintiff could not bring an action for mental anguish against the designer of an improperly created custom-made dress to be worn at her daughter’s wedding. Emotional damages have been allowed in the context of a special contractual or fiduciary relationship, especially common carriers and innkeepers, where the acts of the defendant have been shown to be wanton and reckless. (See, Hoheb v Pathology Assocs., 146 AD2d 919; Cohan v Varig Airlines, S.A. Empresa De Viacao Aerea Rio Grandense, 85 Misc 2d 653, mod 88 Misc 2d 998; Ritner v Harris, Upham & Co., 46 Misc 2d 567.) There is no such special relationship between the parties herein, nor has there been a showing that defendant’s acts were wanton or reckless. Plaintiff’s request for relief for emotional damages arising from a contractual cause of action or for damages from the breach thereof is therefore not compensable.
Plaintiff has established a cause of action for breach of contract. Plaintiff presented into evidence five dresses with afro-centric accouterments: four of the five without linings, all without the necessary notions for fastening and support, and none with bows as stated in the specifications. The uncontradicted testimony, pursuant to the oral contract, required plaintiff to pay defendant $80 for each dress inclusive of the cost of any notions applied thereon. Though plaintiff testified to general complaints as to the fit and failure to complete all dresses, supported by witnesses and several photographs, only five dresses were produced and introduced into evidence. There was no evidence as to the present location or condition of the other three dresses.
This court finds defendant breached its contract to make the bridesmaids dresses substantially in accordance with the agreed upon specifications, and therefore awards plaintiff $80 for each of the five dresses, for a total of $400.
Plaintiff suffered the consequences of defendant’s late completion and delivery of the bridesmaids dresses. The groom awaited completion of the dresses at the defendant’s home, where he shaved and showered. He took delivery of the dresses approximately two hours after the wedding ceremony was scheduled to take place and rushed off to his own wedding. The delay impacted adversely upon plaintiff’s previously contracted services: the limousine rental, the video and photography service contract, the rental of the Queens Botanical Gardens Wedding Garden for the wedding ceremony, and the *933 rental of an adjacent area for the wedding reception. The damages plaintiff sustained were the natural consequences of defendant’s breach and were reasonably foreseeable at the time of contract, and are therefore compensable. (Hadley v Baxendale, 156 Eng Rep 145.)
Plaintiff’s one-hour wedding ceremony was scheduled to begin at 2 o’clock in the afternoon at the Wedding Garden for which she had contracted at $300 followed by a five-hour reception at an adjacent area at $1,500. The wedding ceremony occurred in the reception area. The court awards plaintiff $300 for loss of the use of the Wedding Garden, and $300 for the loss of one hour from the beneficial use of the reception area.
Plaintiff rented a limousine for one hour, with a scheduled drop-off of the wedding party at the Wedding Garden for the 2 o’clock ceremony. The fully dressed bride remained in the limousine in order not to break with tradition by allowing herself to be seen by the groom or wedding guests. There was no place or area that was appropriate or separate and apart from the wedding guests for plaintiff to await the beginning of the wedding ceremony. It cost plaintiff $125 an hour for the extended services of the limousine. The court awards plaintiff $250 for this cost.
Plaintiff contracted for a video ($650) and a photo album ($849), to be composed during the nine hours from the bride’s dressing to the end of the reception. The wedding day’s events were so memorialized, with the wedding ceremony the only event where the wedding party was fully arrayed. After the ceremony, several bridesmaids, due to discomfort and fit, changed from their bridesmaids dresses to evening wear, resulting in various media shoots having bridesmaids with and without bridesmaids dresses, many in the same photograph and video footage. The events prior to the wedding ceremony did not have the benefit of any of the bridesmaids in proper attire. The loss sustained does not lend itself to a precise measure in fixing the amount of damages. Therefore, where appropriate, the law may resort to practical means, measures and standards, inclusive of reasonable conjecture and probable estimates, as supported by the facts and proofs of the case, so that defendant does not escape the consequences of her breach and plaintiff is accorded damages commensurate with her loss. (See generally, 36 NY Jur 2d, Damages, §§ 14, 15.) The damages suffered by plaintiff are those video scenes and photo album pictures which, apart *934 from the events themselves, are claimed to be unsatisfactory due to the wedding party, specifically the bridesmaids, being improperly attired. In addition, there are no scenes from the Wedding Garden where the wedding ceremony was to occur. Plaintiff’s proffered basis for ascertaining damages on this item consisted of multiplying the two lost hours of her wedding day by the cost per hour for the contracted media services. This court would be engaging in speculation and conjecture if it would ascribe to this measure of damages. This basis does not afford a rational or logical connection between the harm suffered and the amount of damages sought to be awarded, or a sufficient inference upon which to provide with reasonable certainty, experience and common sense an adequate measure of damages. (See generally, Cristallina S. A. v Christie, Manson & Woods Intl., 117 AD2d 284; Hirschfeld v IC Sec., 132 AD2d 332; Borne Chem. Co. v Dictrow, 85 AD2d 646; Manshul Constr. Corp. v Dormitory Auth., 111 Misc 2d 209.) Plaintiff, though damaged, has failed to sustain her burden of proof to present evidence of a measure of damages that are reasonably certain arising from the particular harm.
Plaintiff paid an additional $100 to a contracted performer to provide an extra hour of entertainment for the benefit of the wedding guests who had suffered the two-hour delay. Plaintiff did not provide any proof on this issue other than mere allegations, and therefore her claim on this item is denied.
Judgment for plaintiff for the sum of $1,250, together with costs and interest from July 12, 1993.