Active Kidz Long Island, Inc., Appellant,
against
Sarah Kushner, Respondent.




Active Kidz Long Island, Inc., appellant pro se.
Sarah Kushner, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District (Douglas J. Lerose, J.), entered September 22, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial.
In this commercial claims action, plaintiff seeks to recover the sum of $813.20, representing the balance due on a contract, pursuant to which plaintiff had provided its facility and services for a birthday party. At a nonjury trial, plaintiff's owners testified that plaintiff had fully performed the contract, delivering all the services and providing rooms in its facility, as had been agreed upon by the parties. Defendant testified that, when she had arrived at the party on July 6, 2013, the temperature in the rooms was very high. She complained to plaintiff's employees that plaintiff's facility was extremely hot and that the air conditioners were not properly cooling the rooms in which the party was being held. Plaintiff's owners testified that the air conditioning units had been working properly and that defendant did not cancel the party but rather continued with the party for the full scheduled 90 minutes, and the guests of the party ate the food provided by plaintiff. Following the trial, the District Court dismissed the action, without setting forth any findings of fact.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
In dismissing the action, the District Court must implicitly have found that plaintiff failed to perform the contract. Upon a review of the record, we find that plaintiff performed at least portions of the contract, and that there is conflicting evidence with respect to its performance of the remainder of the contract, specifically whether, and, if so, the extent that, air conditioning units in plaintiff's facility malfunctioned and impacted adversely upon the use of each of the three [*2]rooms contracted to be used for the birthday party. Consequently, the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
We note that, in a breach of contract action, where a plaintiff establishes that it has provided only partial performance, recovery is limited to the contract price less an appropriate allowance for the nonperformance of part of the contract (see Mirisis v Renda, 83 AD2d 572, 572-573 [1981]; Sagnia-Blythe v Gamblin, 160 Misc 2d 930 [Civ Ct, Bronx County 1994]). The measure of damages may be calculated as the difference in the value of the performance as provided and its value had the performance of the contract been properly rendered (see 36 NY Jur 2d, Damages § 37). Here, the extent and the value of plaintiff's nonperformance, if any, cannot be determined. Thus, this court is unable to make an appropriate determination of the value of plaintiff's defective performance, if any, to be credited to defendant (see Mirisis v Renda, 83 AD2d at 572-573).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial. 
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 13, 2017