Qualtech Corp., Respondent, 
against
Leilani Zutrau, Appellant.




Leilani Zutrau, appellant pro se.
Qualtech Corp., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered May 27, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $500 and implicitly dismissed defendant's counterclaim.




ORDERED that the judgment is modified by providing that the award in favor of plaintiff is reduced to the principal sum of $475; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this commercial claims action to recover the sum of $1,525, representing the unpaid contract price of $825 for conducting environmental testing, plus related costs. Defendant interposed a counterclaim to recover the monies she had paid to another company for a report that she claimed plaintiff should have provided. At a nonjury trial, plaintiff's witness claimed that plaintiff had fully performed the contract, whereas defendant claimed that the report, which plaintiff was supposed to prepare pursuant to the contract, was deficient. As a result, defendant had paid a third party the sum of $350 to provide a proper report. Following the trial, the District Court awarded plaintiff the principal sum of $500, after apparently allowing defendant a setoff in the amount of $325, and implicitly dismissed defendant's counterclaim.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of [*2]substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). The deference accorded to a trial court's credibility determinations applies with even greater force to judgments rendered in the Commercial Claims Part of the court given the limited standard of review (see UDCA 1807-A; Williams v Roper, 269 AD2d at 126). 
In a breach of contract action, where a defendant establishes that a plaintiff has provided only partial performance, recovery by the plaintiff is limited to the contract price less an appropriate allowance for the nonperformance of part of the contract (see Mirisis v Renda, 83 AD2d 572, 572-573 [1981]; Active Kidz Long Is., Inc. v Kushner, 55 Misc 3d 136[A], 2017 NY Slip Op 50497[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Sagnia-Blythe v Gamblin, 160 Misc 2d 930 [Civ Ct, Bronx County 1994]). The measure of damages may be calculated as the difference between the value of the performance as provided and its value had the performance of the contract been properly rendered (see Active Kidz Long Is., Inc. v Kushner, 55 Misc 3d 136[A], 2017 NY Slip Op 50497[U]; 36 NY Jur 2d, Damages § 37). Here, the value of plaintiff's nonperformance of the $825 contract is the sum of $350, the amount defendant paid to obtain a proper report, not $325 as implicitly found by the District Court in apparently granting a setoff. Accordingly, substantial justice (see UDCA 1804-A, 1807-A) requires that the judgment in favor of plaintiff be modified by reducing the award in favor of plaintiff to the principal sum of $475.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 05, 2018